**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XODUS MEDICAL, INC., ALESSIO PIGAZZI and GLENN KEILAR, | Civil Action |
| | No. _____ |
| Plaintiffs, | |
| v. | |
| | *Electronically Filed* |
| ALLEN MEDICAL SYSTEMS, INC., | |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

Plaintiffs Xodus Medical Inc., Alessio Pigazzi, and Glenn Keilar, through their undersigned counsel, hereby allege the following for their Complaint against Defendant Allen Medical Systems, Inc.:

**THE PARTIES**

1.  Plaintiff Xodus Medical Inc. ("Xodus") is a Pennsylvania corporation having its principal place of business at 702 Prominence Drive, New Kensington, Pennsylvania 15068.

2.  Plaintiff Alessio Pigazzi ("Pigazzi") is an individual with a place of residence at 517 Euclid Street, Santa Monica, California 90402.

3.  Plaintiff Glenn Keilar ("Keilar") is an individual with a place of residence at 25351 Campina Drive, Mission Viejo, California 92691.

4.  Upon information and belief, Defendant Allen Medical Systems, Inc. ("Allen") is a company having its principal place of business at 100 Discovery Way, Acton, Massachusetts 01720.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Allen because Allen has committed, and continues to commit, acts of infringement in this district.

8. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Allen has committed acts of infringement in this district.

## FACTS

9. On August 20, 2013, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,511,314 ("the '314 patent").

10. Pigazzi and Keilar are the owners of all right, title, and interest to the '314 patent.

11. Xodus is the exclusive licensee of the '314 patent. A true and correct copy of the '314 patent is attached hereto as Exhibit A, and is incorporated by reference as if fully restated herein.

12. Allen markets and sells a product identified as the "Allen® Steep Trend Pad." This product infringes one or more claims of the '314 patent.

## COUNT I
## (INFRINGEMENT OF THE '314 PATENT)

13. Plaintiffs incorporate by reference herein the averments set forth in paragraphs 1 – 12 hereof as if set forth herein in their entirety.

14. Allen has and continues to infringe at least claim 1 of the '314 patent by manufacturing, selling and/or offering to sell the "Allen® Steep Trend Pad" under 35 U.S.C. §

271. Allen is directly infringing, contributorily infringing and/or inducing infringement of the '314 patent. Allen will continue to infringe the '314 patent unless enjoined by this Court.

15. Allen's activities in infringing are willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

16. Plaintiffs have been irreparably damaged and will continue to be irreparably damaged by reason of Allen's infringement of these claims unless this Court restrains the infringing acts of Allen.

17. Plaintiffs are without an adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

A. that Allen, its officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the claims of United States Patent No. 8,511,314;

B. that a decree be entered adjudging that Allen infringed the claims of United States Patent No. 8,511,314 and that such infringement was willful;

C. that Allen be ordered to pay damages to Plaintiffs pursuant to 35 U.S.C. § 284, including interest from the dates of infringement, resulting from Allen's infringement of the claims of United States Patent No. 8,511,314;

D. that Allen be ordered to pay to Plaintiffs treble damages pursuant to 35 U.S.C. § 284, resulting from Allen's willful infringement of United States Patent No. 8,511,314;

E. that Plaintiffs be awarded their costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F. that Plaintiffs be awarded such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

                                                Respectfully submitted,

                                                **THE WEBB LAW FIRM**

Dated: May 4, 2017                            s/ *Kent E. Baldauf, Jr.*
                                                Kent E. Baldauf, Jr. (PA ID No. 70793)
                                                Thomas C. Wolski (PA ID No. 203072)
                                                David A. DuMont (PA ID No. 205858)

                                                One Gateway Center
                                                420 Ft. Duquesne Blvd., Suite 1200
                                                Pittsburgh, PA 15222
                                                412.471.8815
                                                412.471.4094 (fax)
                                                kbaldaufjr@webblaw.com
                                                twolski@webblaw.com
                                                ddumont@webblaw.com

                                                *Attorneys for Plaintiffs*