IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XODUS MEDICAL, INC., et al.,

        Plaintiffs,                      2:17-cv-00581

                                                  **ELECTRONICALLY FILED**

        v.

ALLEN MEDICAL SYSTEMS, INC.,

        Defendant.

**STANDING ORDER AND PROCEDURES ON CIVIL MOTION PRACTICE**

**Judge Mark R. Hornak**

The parties, in addition to the rules set forth in the Federal Rules of Civil Procedure and the Court's Local Rules, shall follow the procedures set forth below in making or responding to motions in any case assigned to this member of the Court. *This Order supersedes any prior Order on these matters in this action, and is applicable to all pending civil proceedings unless otherwise ordered by the Court.*

    1.    **Form of Motions.** A motion should consist of a document setting forth, in a short and plain statement, the specific relief sought, the factual and legal grounds for the relief sought, and shall affirmatively state whether the motion has been discussed with all other parties, and their position as to the relief sought. Other than routine administrative/scheduling motions, each substantive motion shall also be supported by a separate brief in support that contains the factual and legal support for the relief sought. Evidentiary materials in support of, or opposition to, a motion should be plainly marked and may be attached to the motion or brief, or compiled and filed in a separate document. Counsel should furnish only the evidentiary materials that are necessary to deciding the motion. A proposed order setting forth the specific relief requested

shall be filed as a separate attachment. "General" orders (e.g. "the motion is granted") are not sufficient.

2. **Form of Responses.** The opposing party shall file a separate response to every motion. The moving party may also file a reply to such response as a matter of course, as set forth in paragraph 5. Unless otherwise directed, the response and/or reply should be titled in the form of "A's Response [Reply] in Opposition to [Support of] B's Motion [for/to] _____," as the case may be. A brief shall also be filed with the response to each substantive motion. A proposed order shall be filed as a separate attachment.

3. **Various Motions.**

   a. Each case management or discovery motion shall affirmatively state that the motion has been discussed with all parties, the position of each party as to the motion, and the relief it seeks. If the non-moving party or parties do not oppose the motion, or the motion is of a type that normally does not implicate the substantial rights of a non-moving party (e.g., motion to withdraw as counsel, motion to set a conference, most motions for extension of time), the non-moving party shall so state in its response. No response need be filed to a joint or unopposed motion. The Court may decide motions that do not implicate the substantial rights of the opposing party, or which state that the motion is either joint or not opposed by all parties without a response. Absent such action by the Court, a response should be filed for all motions. Letters do not constitute motions or responses on the record. Failure

   to respond in a timely fashion may be deemed as conceding the grounds for any motion.

   b. In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then contact the involved law clerk or the Courtroom Deputy to request a telephone status conference. The Court rarely finds arguments based on the principle of "sauce for the goose, sauce for the gander" to be persuasive in discovery disputes. The Court will usually either conduct the conference immediately, or set such a conference to occur within 24 hours, and more often than not, the dispute will be resolved at that time. The Court may, in situations involving more substantive matters, direct counsel to file the appropriate motion for relief.  This applies to all discovery motions.

   c. All motions to amend a pleading or document must attach as an exhibit the proposed amended document showing the proposed changes in "redline" format.

4. **Deadlines for Responses.**

   a. Responses to motions relating to discovery or other case management pretrial motions shall be filed 7 days from the date of service of the motion.  Should the moving party believe that there is particular urgency to the grant or denial of a motion requiring expedited

treatment due to the particular facts or circumstances of the matter, they should so state in the motion, and also advise Chambers and counsel for all other parties of same by telephone, and the Court may consider modifying the response time.  The Court also frequently resolves discovery and non-dispositive pretrial motions by telephone conference, which any party may request.  The Court also may schedule a telephone conference before the time runs for any response.  In such case, the non-moving party is excused from filing a written response and should state its position at the telephone conference.

b. Responses to motions for summary judgment shall be filed 30 days from the date of service of the motion.

c. Unless otherwise stated in a specific Order, responses to all motions other than those referenced in (a) and (b) above shall be filed 14 days from the date of service of the motion.

d. The Court will not otherwise issue briefing orders.  Upon the filing of a motion, the parties should proceed as set forth in this Order.

5. **Reply Briefs.**  A reply brief is defined as the second brief advocating a party's position on the same motion filed after the non-moving party's response.  Reply briefs may be filed, without leave of court, 7 days (14 days for replies in summary judgment matters) from the date of service of the response to which they reply.  Reply briefs are most helpful when they identify and respond to the novel matters contained in the opposition brief that merit a reply.  Rehashing of the original argument is not helpful.  Surreply briefs, or other briefs, may be filed only with leave of court, obtained in advance of filing.

6. **Oral Argument.**  Motions may be decided with or without oral argument as determined by the Court.  Any party believing that oral argument will materially advance the decisional process may so advise the Court and request argument.  The Court often rules on the record at the end of oral argument.

7. **Extensions.**  Motions to extend deadlines should be made as any other motion, but are more likely to be decided without response because of the Court's inherent discretion over this subject.  Counsel opposing a request for a short extension should be prepared to advise the Court as to the actual prejudice granting the extension would cause.  Unopposed requests to extend a filing deadline by five (5) days or less may be referred to the Court in the first instance by a phone call to Chambers.  Every proposed order accompanying a motion to extend deadlines shall include the date certain, or a blank space for insertion of the date certain, on which the proposed new deadline falls.  On a motion that affects more than one deadline, such as an extension of discovery that affects all deadlines in the case management order, the proposed order shall restate all of the deadlines affected.

8. **Joint Motions.**  Joint, consent, or uncontested motions on matters that do not implicate the substantial rights of the parties are encouraged and will be promptly decided.  A joint, consent, or uncontested motion shall so state in its title.  Joint motions in cases with more than two parties that have the consent of fewer than all the parties shall so state on the first page.  Counsel's representation that a motion is joint or consented to is sufficient.

9. **Page Limits.**

    a. Briefs in support of and opposing discovery and case management motions shall be limited to 10 pages.

5

b. Briefs in support of and opposing motions in limine shall be limited to 10 pages.

c. Briefs in support of and opposing motions to dismiss and summary judgment motions shall be limited to 25 pages, excluding tables.

d. Briefs in support of and opposing all other motions shall be limited to 15 pages.

e. Reply briefs as to motions to dismiss or summary judgment motions shall be limited to 15 pages; as to all other motions 10 pages.

f. All text in briefs shall be in 12 point font (footnotes in at least 10 point font), with one inch margins. Text must be double-spaced; footnotes may be single-spaced. Evasion of these standards or page limits will cause the excess material to be treated as being outside the record without further notice to counsel.

g. Counsel and the parties should be aware that in the Court's experience, shorter briefs are almost always much more persuasive because they get to the point faster. They also contain less extraneous material that dilutes the parties' main arguments and frequently interferes with prompt resolution. Long, rambling trips down the memory lane of background information are rarely helpful to the Court. Also, extensive recitations of generally-applicable, settled decisional standards (grant/denial of summary judgment, or a motion to dismiss, for example) are not necessary.

10. **Citations in Briefs.** The argument portion of every brief in support of or in response to a motion shall cite to current authority from the Supreme Court of the United States or the United States Court of Appeals for the Third Circuit. Otherwise, citation to current authority from a district court in this circuit or another court of appeals, if available, that establishes the legal point argued is most appropriate.

11. **Courtesy Copies.** If any brief together with appendices or exhibits equals or exceeds 50 pages, a courtesy paper copy of the brief and appendices or exhibits shall be furnished to the Court at the time the brief and appendices or exhibits are electronically filed. The courtesy copy should be 3-hole punched and placed in one or more standard black presentation binder(s) (no thicker than three (3) inches). The binder's front cover and spine should be labeled with the case name, case number, and the subject matter of the materials, along with clear identification of the ECF document to which it relates, and the filing party. Counsel should not submit any other courtesy copies unless requested by the Court.

12. **Other Deadlines.** This Order does not affect response deadlines set by any federal statute or the computation of time under the Federal Rules of Civil Procedure.

13. **Discretion to Modify.** The Court may alter any of these provisions by Order, or by notice from court staff at the Court's direction, in the interests of justice.

SO ORDERED this 8th day of May, 2017.

  s/ Mark R. Hornak

Mark R. Hornak
United States District Judge

cc: All counsel of record