IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XODUS MEDICAL, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:17-cv-00581 |
| v. | ) |
| | ) |
| ALLEN MEDICAL SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This is a patent case. The Defendant has moved to dismiss the case on the basis that venue is not proper in this District pursuant to 28 U.S.C. § 1400(b). The Plaintiff has opposed that Motion. The matter has been briefed and orally argued, and is ripe for disposition. The Motion will be granted, but rather than dismissing the case, it will be transferred forthwith to the District of Massachusetts.

There is no dispute that the Defendant is a corporation incorporated under Indiana law, with its headquarters in Massachusetts. ECF Nos. 42-7, 39-1. It is undisputed that the Defendant is a subsidiary of another corporation, Hill-Rom, Inc. which itself is a subsidiary of a holding company, Hill-Rom Holdings, Inc. ECF No. 42-3.[1] Both Hill-Rom entities are also incorporated under Indiana law. ECF No. 42-8. The Defendant corporation does not have any physical presence in and of itself in Pennsylvania. ECF No. 39-1. The Plaintiff argues that applying any number of theories, the Defendant corporation should be treated as one and the same/part and parcel of the Hill-Rom entity that has a physical building in Monroeville, Pennsylvania, which is in this District.

---

[1] No Hill-Rom-named entity has been sued in this case. ECF No. 39-1.

ECF No. 42-4. Thus, says the Plaintiff, the Defendant "really" does have a physical presence in this District for purposes of § 1400(b), and venue in this Court is proper. The Court concludes that the Plaintiff has not met its obligation to demonstrate that the Defendant has such a presence in this District, that venue does not lie in this District, and that the case must proceed elsewhere.

Federal Circuit and applicable Third Circuit law is settled at least as to the following points. Venue under § 1400(b) is to be treated in a restrictive fashion, and is to be tightly construed. *See In re: ZTE (USA) Inc.*, No. 2018-113, 2018 WL 2187782, at *4 (Fed. Cir. May 14, 2018). The burden is on the Plaintiff to demonstrate that venue lies in the District in which the patent lawsuit is filed. *Id.* Venue must lie not only in the state where the lawsuit is brought, but specifically in the judicial district in which the case is filed. *In re: BIGCOMMERCE, Inc.*, No. 2018-122, 2018 WL 2207265, at *6 (Fed. Cir. May 15, 2018). Where, as here, the Plaintiff asks the Court to look past/through the corporate form of the Defendant, the Plaintiff has the burden of proving that such is proper by a preponderance of the evidence. *Plasticpak Packaging, Inc. v. DePasquale*, 75 F. App'x. 86, 88 (3d Cir. 2003); *see also Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1314 (Fed. Cir. 2010) (law of regional circuit applies).

The Plaintiff argues that this Court should apply *some* theory[2] to conclude that the physical presence of an "upstream" Hill-Rom corporate entity in this District should be treated as the physical presence of this Defendant. Otherwise, it is plain that there is no venue here. *In re: Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).[3] That is a heavy burden, as ordinarily a court does not

---

[2] At argument here, the Plaintiff's counsel invited the Court to apply an "alter ego" analysis, or to "pierce the corporate veil," or to apply any other theory which would unify the Defendant and its parent for venue purposes.

[3] As the Federal Circuit held in both *Cray* and *ZTE*, the physical place in this District must be "of the defendant." *ZTE*, 2018 WL 2187782, at *5. Unlike the situation in *Board of Regents, the University of Texas System, et. al. v. Medtronic PLC, et. al.*, No. 17-cv-942 (W.D. Tex. May 17, 2018), here the named Defendant has not taken affirmative steps to make Hill-Rom's physical location in this District its own location, e.g., announce it as a location of Allen Medical as opposed to Hill-Rom, label it as such with Allen building signage, or list it in public

2

disregard or otherwise look past/through the corporate structure of a corporate entity, unless strong equitable considerations compel it to do so. *Plastipak*, 75 F. App'x at 88 (applying Pennsylvania law).[4] There is no single factor that the Court is to consider in such an analysis, but it must look at a number of considerations, including adherence to corporate formalities, capitalization, financial records and operations, the mode/method of business operations, and the like. No one factor is conclusive. *See Unity Opto Tech. Co., Ltd. v. Lowe's Home Ctrs., LLC*, No. 18-cv-27, 2018 WL 208725, at *2, 3 (W.D. Wis. May 4, 2018).

Here, there is no doubt that the Defendant is a currently existing, registered Indiana corporation. It has officers, and does business in its own name. It sells its products. The record does not reflect that it owns, leases, or has any stores, offices, or buildings in its own name in this District. The record does not reflect that it has any employees here, nor any distribution centers in this District, and it has not registered to do business in Pennsylvania.

The Plaintiff says that based on the following, the "physical place" of Hill-Rom, Inc., which is in Monroeville, PA (in this District), ECF No. 42 at 6, should be treated as a "physical place" of the Defendant for purposes of 28 U.S.C. § 1400(b). We'll take its contentions one at a time.

First, a corporate representative of the Defendant testified in a deposition[5] that at least at the time of his deposition, the Defendant had no members on its Board of Directors. But, the

---

databases as an Allen (as opposed to Hill-Rom) facility. In short, unlike the situation before Judge Yeakel in *Medtronic PLC*, Allen has not affirmatively ratified Hill-Rom's Monroeville location as its own.

[4] No party has advanced that Indiana law is otherwise, and this is consistent with Seventh Circuit law. *Unity Opto Tech. Co., Ltd. v. Lowe's Home Ctrs., LLC*, No. 18-cv-27, 2018 WL 208725, at *2 (W.D. Wis. May 4, 2018).

[5] This Court authorized limited "venue discovery," ECF No. 34. *See Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, No. 16-cv-224, 2017 WL 5953296, at *6 (D. Del. Dec. 1, 2017). Part of the Plaintiff's opposition to the Defendant's Motion was that the Defendant's Rule 30(b)(6) designated deponent was not "properly prepared" to testify as the designee of the Defendant. The Court cannot draw that conclusion, in that it appears to the Court that the point of contention by

3

Plaintiff has advanced no facts or law as to whether, and if so why, that actually impairs the Defendant's corporate existence under Indiana law.

Second, at least some of the Defendant's legal expenses, including for this litigation, may ultimately be paid by a Hill-Rom entity. But, the Plaintiff has advanced no evidence as to why that is impermissible, or is a fact that is inconsistent with the Defendant having a distinct and valid corporate existence.[6]

Third, the Plaintiff has placed in the record the Fiscal Year 2017 SEC form 10-K for Hill-Rom Holdings, Inc., Exhibit PX 1(H), which appears to show that that entity consolidates revenue in its financial presentations, including the revenue from the Defendant and other subsidiaries, but then offers no testimony or evidence that doing so is impermissible, irregular, is contrary to Generally Accepted Accounting Principles ("GAAP"), or would impair the distinct corporate existence of the Defendant (or any other subsidiary) under Indiana law.

Fourth, the Plaintiff says that the Hill-Rom, Inc., Monroeville (PA) facility acts as a contracted service location as to one of the Defendant's large products, ECF No. 42 at 7, but then advances no evidentiary or legal basis to conclude that one business performing contracted service work for another business somehow impairs the independent corporate existence of that second business, here the Defendant. Further, there is no record evidence that the Defendant exercises possession or control over that facility. *See Javelin*, 2017 WL 5953296, at *5.

Fifth, the Plaintiff says that there is a complete overlap of the listed and registered corporate officers of the Defendant and of Hill-Rom, Inc., but points to no legal principle that stands for the proposition that such in and of itself destroys or impairs corporate separateness. *See Miller v. EME*

---

Plaintiff was that the deponent was "not prepared" to speak on behalf of Hill-Rom, Inc., who of course was not the entity being deposed pursuant to Fed. R. Civ. P. 30(b)(6). *See* ECF No. 43 at 7–8.

[6] And contrary to the Plaintiff's contention, some of those expenses being initially incurred by the parent and then "charged back" to the Defendant would actually demonstrate the distinctness of the corporations.

*Homer City Generation, LP*, No. 13-cv-352, 2013 WL 5972382, at *10–12 (W.D. Pa. Nov. 8, 2013); *Clemens v. Gerber Sci, Inc.*, No. 87-cv-5949, 1989 WL 3480, at *2 (E.D. Pa. Jan. 13, 1989).

Sixth, apparently the Defendant needs to get approval from its Hill-Rom parent before it can lease or purchase interests in real estate, and before it can promote an employee to its "leadership team." Again, if even true, the Plaintiff advances no factual or legal basis to conclude that a corporate parent retaining that level of control of high-level structural decisions permits a court to disregard the corporate distinction between those corporations. *Croyle v. Tex. E. Corp.*, 464 F. Supp. 377, 379 (W.D. Pa. 1979).

Seventh, the employees of the Defendant use e-mail address ending in "hill-rom.com," Hill-Rom provides "IT services" to Defendant, and Hill-Rom, Inc., advertises the Defendant's products for sale in its sales literature. ECF No. 42 at 9. This, says the Plaintiff, makes the Defendant a mere operating division of Hill-Rom, Inc. The Court disagrees. Whether considered on its own, or in conjunction with any or all of the other factors noted, these points of intersection may demonstrate a close operational existence, but do not obviate the corporate distinction between the Defendant and the parent company.[7]

In short, the official records from Indiana reveal that the Defendant is an existing and separate corporation different and distinct from Hill-Rom, Inc., and Hill-Rom Holdings, Inc. The other points of intersection between the Defendant and its parent(s), considered separately or together, do not demonstrate that as a matter of operational function, although the businesses are closely aligned as parent and subsidiary, that distinction has been destroyed or has evaporated. By

---

[7] This is particularly so as to the sales advertisements by a parent company of the products of a subsidiary. Further, there is no record evidence as to whether the provision of "IT services" is under a business contract. Likewise, the Court does not find that the Defendant's distinct website providing a link to the website of its parent Hill-Rom, Inc., is demonstrative of a demise of corporate separateness.

any measure, the Plaintiff has not demonstrated that the existing and formal corporate distinctions between the Defendant and its parent should be disregarded here for compelling equitable reasons so as to permit the Hill-Rom facility in Monroeville be treated as a "physical presence" of its subsidiary, the Defendant. *Unity*, 2018 WL 208725, at *2.[8]

It would be permissible to dismiss the action without prejudice due to improper venue, but at argument, the parties agreed that proper venue would lie in the District of Massachusetts, in the Boston Division of that Court. The Court concludes that the sound administration of justice counsels that the case therefore be transferred to that Court, forthwith, rather than dismissing the case and requiring it to be refiled there, and the Court will so order. *See* 28 U.S.C. § 1406; *Unity*, 2018 WL 208725, at *3.

An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: May 22, 2018

cc: All counsel of record

---

[8] Notwithstanding the Court's tough questioning at argument, the Court is sympathetic to the advocacy plight of Plaintiff's counsel on this issue. Each recently rendered decision of the Federal Circuit on this topic has tightened up the patent venue test, and in the middle of this case, that Court definitively confirmed in *ZTE* that it was the Plaintiff who carried the burden to demonstrate that venue in this District is proper.